# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11061
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARY ANN MEDINA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:05-CR-39-3

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Mary Ann Medina appeals the 18-month prison sentence imposed following her most recent revocation of supervised release. She argues that the district court failed to consider the 18 U.S.C. § 3553(a) factors and failed to provide an adequate explanation of its chosen sentence, in particular its reasons for deviating above the three- to nine-month range of imprisonment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that was applicable in her case under the policy statements in Chapter Seven of the Sentencing Guidelines.

Although Medina did not object on either basis during her revocation hearing, she contends that plain error review should not apply on appeal because she had no opportunity to object.  In support of this contention, she observes that the district court instructed the parties to "stand aside" immediately after pronouncing its sentencing decision.  Alternatively, Medina argues that plain error review should not apply because her requests for a sentence within the policy statement range should have alerted the district court to the nature of its errors.

Medina's assertions, without more, are inadequate to show that she had no opportunity to object.  *See, e.g., United States v. Castillo*, 430 F.3d 230, 243 (5th Cir. 2005).  Plain error review applies because she did not object in a manner that would have alerted the district court to her disagreement with its consideration of the § 3553(a) factors or the manner in which her sentence was explained.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

Medina has shown no clear or obvious error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  The record reflects that, in imposing a sentence above the applicable range, the district court explicitly considered the factors of deterrence and protection of the public, and it implicitly considered Medina's history and characteristics.  *See* § 3553(a)(1), (2)(B), (C).  The court was not required to state expressly that each statutory factor had been considered.  *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).  Although the district court's comments were brief, the record reflects that the court considered defense counsel's arguments and that it had a reasoned basis

No. 18-11061

for making its sentencing decision. *See United States v. Whitelaw*, 580 F.3d 256, 261-62 (5th Cir. 2009).

AFFIRMED.